See also D.C., 302 F.Supp. 495.

**Ruth FINE and Sam Fine, Plaintiffs,**

v.

**BRANIFF AIRWAYS, INCORPORATED, and Young Doggett, Defendants.**

**Civ. No. 69–167.**

United States District Court
W. D. Oklahoma.

Aug. 18, 1969.

John W. Norman, Oklahoma City, Okl., for plaintiffs.

Burton J. Johnson, Robert L. Huckaby, Oklahoma City, Okl., for defendants.

## ORDER REMANDING CASE

DAUGHERTY, District Judge.

Plaintiffs sue the Defendants for damages for their alleged negligence causing certain injuries and losses to Plaintiffs when one of the Plaintiffs deplaned from a Braniff aircraft in Oklahoma City. The suit was brought in state court against Braniff Airways and Young Doggett, Director of Passenger and Cargo Services in Oklahoma City for Braniff.

Braniff removed the case to this Court claiming a fraudulent joinder of the Defendant Doggett. Plaintiff moved to remand. The Court has conducted an evidentiary hearing on the remand matter to ascertain if Doggett was, "in control, or active charge, of the particular sphere of activity complained of by the respective Plaintiffs," the pertinent Oklahoma test according to J. C. Penney Company v. Barrientez, 411 P.2d 841 (Okl. 1965).

The evidence discloses that Walter E. Bowden is District Director for Braniff for Western Oklahoma and is located in the Liberty Bank Building in downtown Oklahoma City. He is responsible for all Braniff operations in Western Oklahoma. The Oklahoma City Airport operation is within his authority. Doggett, as Director of Passenger and Cargo Services, is located at the Oklahoma City Airport where the alleged accident occurred. Other employees under Doggett actually attend to passenger unloading operations for Braniff aircraft at the Oklahoma City Airport. However, on occasion Doggett would observe the unloading operations and was responsible to see that proper passenger unloading procedures were enforced. He was responsible for training personnel charged with unloading passengers and supervised such operations at the Oklahoma City Airport. At the time of the accident involved herein Doggett was temporarily on business in the Braniff General Office in Dallas, Texas.

The issue of a claim of fraudulent joinder of a non-diverse Defendant in connection with a removed case essentially involves a determination of whether a cause of action is stated against the non-diverse Defendant under applicable state law. If a cause of action is stated against a non-diverse Defendant, the case should be remanded to state court as there is no fraudulent joinder of said Defendant and diversity is lacking. If no cause of action is stated against the non-diverse Defendant, the removed case should be entertained and eventually the non-diverse Defendant should be eliminated from the suit on his motion to dismiss for failure of the Plaintiff to state a claim against him on which relief may be granted.

The Oklahoma Supreme Court in J. C. Penney Company v. Barrientez, supra, held that a retail store manager, as custodian of the store premises in his possession or under his control and for which he is responsible to the store owner, is liable to an invitee injured on the premises. In this case, a business invitee fell on a stairway in the retail store which was littered with cigarette butts and papers. The invitee sued the store and the store manager. The court held the store manager, as custodian or possessor of the store premises which were under his control for the owner and who

was responsible for the conditions thereof to the owner, to be answerable in damages to the injured invitee if the owner would be liable. The Oklahoma Supreme Court rejected the active-passive negligence test in fixing local liability. What might be termed the custodian or premises possession or control test appears to have been adopted by the Oklahoma Supreme Court.

It is necessary to compare the case at bar with this decision to ascertain if the Plaintiffs have stated a cause of action against Doggett under Oklahoma law. Two differences appear. First, Doggett was not the top local agent for Braniff over the Oklahoma City Airport and, second, Doggett was in Texas at the time of the accident. The store manager defendant in *Penney* was the top manager of the store involved and, apparently, was present in the store at the time of the accident though not present at the location of the accident when it occurred. In both cases, however, there were subordinate employees primarily responsible for the condition or operation concerned with the claim of alleged negligence.

With Bowden regularly in downtown Oklahoma City several miles from the Airport and Doggett located regularly at the Airport with the assigned and assumed responsibility and duty for Braniff passenger unloading operations at said Airport, it would seem that Doggett would fall within the ambit of *Penney*, supra. He would appear to be the top local agent of Braniff at the Airport in possession and control of the premises or equipment involved in the unloading of passengers and responsible therefor, a duty which he had assumed and undertaken by his office as Director of Passenger and Cargo Services for Braniff at the Oklahoma City Airport. As to being away from the Airport at the time of the accident, this would not appear to change or dilute his responsibility, duty or liability under the *Penney* decision. The store manager in *Penney* was not at the scene of the accident when it occurred nor was Doggett. It is not believed that the decision of the court in *Penney* would have been different had the store manager been at home to lunch or even out of town at the time of the fall on the stairway.

This Court is one of limited jurisdiction. In diversity cases, if the call is close, the decision should be made which favors state disposition of litigation governed by state law.

█ It is, therefore, concluded that from the evidence before the Court in this case and the pertinent law of Oklahoma, the Plaintiffs have probably stated a cause of action against Doggett who is answerable in damages as the local agent of Braniff placed by Braniff in control of the premises and equipment involved herein and who has assumed the duties and responsibilities for Braniff for unloading their passengers at the Oklahoma City Airport.

The Motion to Remand is, therefore, sustained and the case is ordered remanded to the state court from which it was removed. The Clerk will take the necessary action to enforce this Order. The Motion of Plaintiffs to Add Additional Party Defendants pending herein is referred to the state court.