Randy THOMAS, a Minor, by and through his father, and next friend, Marshall L. Thomas, Plaintiff,

v.

J. K. ARCHER and The Chicago, Rock Island and Pacific Railroad Company, Defendants.

Civ. No. 71–504.

United States District Court, W. D. Oklahoma, Civil Division.

Sept. 7, 1971.

Rex K. Travis, Oklahoma City, Okl., for plaintiff.

Loyd Benefield, Oklahoma City, Okl., for defendants.

## ORDER REMANDING CASE

DAUGHERTY, District Judge.

In this case, removed from State Court, the Court has under consideration the Motion of the Defendant J. K. Archer (Archer) to dismiss and the Motion of the Defendant The Chicago, Rock Island and Pacific Railroad Company (Railroad Company) to dismiss. The Court finds that the Motion of Defendant Archer to dismiss should be overruled, the Court on its own Motion should remand the case to the State Court from which it was improperly removed and the Motion of the Defendant Railroad Company to dismiss should be referred to the State Court for disposition.

The pleadings in this case reveal that the Plaintiff is an Oklahoma citizen, the Defendant Archer is an Oklahoma citizen and the Defendant Railroad Company is a Delaware corporation with its principal place of business in Chicago, Illinois.

This case was removed on the basis that there was a "fraudulent joinder" by the Plaintiff of the Defendant Archer and therefore the action was between diverse citizens, an Oklahoma citizen as Plaintiff and a citizen of another state as defendant with the jurisdictional amount present and hence removable to this Court. This Court has said that in this type of removal (fraudulent joinder) the Court must be able to grant a Motion To Dismiss the alleged fraudulently joined defendant from the case. Fine v. Braniff Airways, Incorporated, 302 F.Supp. 496 (W.D.Okl.1969). In other words, the Court must be able to find that the plaintiff has no cause of action against the alleged fraudulently joined defendant under applicable law and that this can be recognized so as to eliminate him from the case on a Motion To Dismiss or other similar and permissible motion. If this were not so, the Federal Court would find itself proceeding with the case with a non-diverse party plaintiff and party defendant and hence without diversity jurisdiction.

The alleged fraudulent joinder in this case is said to exist because the Defendant Archer, as conductor of the train of the Defendant Railroad Company with which the Plaintiff collided, was not primarily responsible for maintenance of the alleged excessive speed of the train; that the train engineer was primarily responsible for running the train at the proper speed. But, the parties have stipulated that the Defendant Archer as train conductor had the duty and ability to signal the engineer to slow down the train if its speed exceeded proper limits. The removing Defendant supports its removal by the cases of Scott v. Huffman, 237 F.2d 396 (Tenth Cir. 1956) and Davis v. St. Louis & S. F. Ry. Co., 8 F.Supp. 519 (N.D.Okl.1934) which cases stand for the proposition that an employee is not liable to third parties for acts of nonfeasance or for failure to perform a duty of his employment. But, in 1966 in the case of J. C. Penney Company v. Barrientez, 411 P.2d 841 the Oklahoma Supreme Court either changed its position as to the above proposition or clarified the same to provide that under Oklahoma law where a duty is placed on an employee by his employer his failure to exercise reasonable care with reference to that duty by non-feasance or non-performance will result in liability of such an employee to third parties who sustain damages, injuries or losses as a result of such non-feasance or non-performance. In *Barrientez* the Oklahoma Supreme Court specifically said that the authors of *Scott* and *Davis, supra,* were misled in their interpretation of the Oklahoma law on this point. This Court has had occasion to consider this problem since *Barrientez.* See Fine v. Braniff Airways, Incorporated, *supra.*

As the Plaintiff has stated a cause of action against the Defendant Archer under Oklahoma law, as the Defendant Archer cannot be eliminated from the case by his Motion To Dismiss or by any other means known to the Court, the Court finds and concludes that the removal of this case to this Court was improper, was not supported by the latest decision of the Oklahoma Supreme Court and the Court on its own Motion should remand the case for want of diversity jurisdiction. As the Court has no jurisdiction herein it is without authority to consider the Motion of the Defendant Railroad Company to dismiss the case as to it and said Motion is referred to the State Court for disposition.

This case is remanded to the State Court from which it was removed.