Betty SPARKS, Administratrix of the Estate of Johnny Lee Sparks, Deceased, Plaintiff,

v.

ST. LOUIS & SAN FRANCISCO RAILROAD CORPORATION, a foreign corporation, and Marion M. McPherson, Defendants.

No. 73-C-291.

United States District Court,
N. D. Oklahoma,
Civil Division.

Oct. 31, 1973.

Edwin W. Ash, Okmulgee, Okl., for plaintiff.

Ben Franklin, Oklahoma City, Okl., Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, Okl., for defendants.

## ORDER OF REMAND

DAUGHERTY, Chief Judge.

This action involving a fatal railroad crossing accident was filed by the Plaintiff in the District Court of Creek County, Oklahoma, on May 10, 1973. The Defendants joined by Plaintiff were the St. Louis and San Francisco Railroad (Railroad) and Marion M. McPherson, alleged to be the engineer of the train involved in the accident. Plaintiff is an Oklahoma citizen as is the individual Defendant. The Defendant Railroad is a Missouri corporation with its principal place of business also in Missouri.

The Defendants filed a motion to transfer to another county in the state court. The motion came on for hearing on August 13, 1973. During this hearing, the Railroad's district claim agent, Roger Buffington, testified that the individual Defendant McPherson was the conductor of the train, not the engineer as alleged by Plaintiff.

The Defendant Railroad then filed its Petition for Removal in this Court on September 4, 1973, alleging that the case became removable under the provisions of 28 U.S.C.A. § 1446(b) on August 13, 1973 when "it was disclosed for the first time in court hearing that the resident defendant, Marion M. McPherson, was not the operator of the locomotive engine." Defendant Railroad alleges that the joinder of Defendant McPherson was improper or fraudulent and further that the claim against the Defendant Railroad is separate and independent and would be removable if sued upon alone. A Motion for Summary Judgment by Defendant McPherson was also filed with this Court.

Plaintiff has filed a Motion to Remand alleging that Defendant McPherson was properly joined and further urging that the Petition for Removal was not timely filed. Plaintiff has also filed a response to the Motion for Summary Judgment urging that same be denied because the evidence or testimony of the district claims agent is hearsay. Further, the Plaintiff has submitted a copy of the Official Police Traffic Collision Report prepared by the Henryetta Police Department for the accident in question. The Report indicates that Defendant McPherson was the party responding to the officer on behalf of the train. The Plaintiff urges this Report makes it a disputed question of fact as

to whether McPherson was the engineer and therefore the Motion for Summary Judgment should be denied. The Court will take notice that the accident report is also hearsay evidence. Hadley v. Ross, 195 Okl. 89, 154 P.2d 939 (1945).

The Defendant Railroad has responded to the Motion to Remand alleging that the removal was timely.

 This Court has said that in a removal based on an alleged fraudulent joinder the Court must be able to grant a Motion to Dismiss the alleged fraudulently joined defendant from the case. Fine v. Braniff Airways, Incorporated, 302 F.Supp. 496 (W.D.Okl.1969).

In Plaintiff's Complaint, it is alleged that the Defendant McPherson was in charge and control of the train and it is particularly alleged that the Defendants were guilty of negligence in operating the train at an excessive rate of speed, both as being unreasonable under the circumstances and conditions at the crossing and in violation of the ordinances of the city of Henryetta, Oklahoma. In the latter allegation, it is claimed that Defendants' train was being driven 70 mph in violation of a 25 mph limit by a Henryetta ordinance.

In the case of Thomas v. Archer, 330 F.Supp. 1181 (W.D.Okl.1971), this Court found that even though a train engineer is primarily responsible for controlling the speed of the train, the conductor has the duty and ability to slow down the train if its speed exceeded proper limits. The Court further found that a cause of action was stated against the conductor following the holding in J. C. Penney Company v. Barrientez, 411 P.2d 841 (Okl.1966) that an employee may be liable to third persons for nonfeasance or non-performance of duties placed upon him by his employer.

This Court therefore concludes that Plaintiff stated a cause of action in her original Complaint against the Defendant McPherson as to the alleged speed violations. Subsequent evidence or allegations or discovery that he was acting as conductor rather than engineer of the train does not defeat such cause. It is not possible for the Court to dismiss Defendant McPherson from this case under Thomas v. Archer, *supra*. The Court finds and concludes that Defendant McPherson was not improperly or fraudulently joined as a party Defendant, could not be dismissed out of the case, the removal of this case to this court was improper and the Plaintiff's Motion to Remand should be sustained for lack of diversity jurisdiction in this Court. Fine v. Braniff Airways, Incorporated, *supra*.

In this case, there is a single wrong to Plaintiff for which relief is sought and there is no separate and independent cause of action against Defendant Railroad Company. Winton v. Moore, 288 F.Supp. 470 (N.D.Okl. 1968).

In the foregoing circumstances it is not necessary for the Court to consider whether this action was timely removed.

The case is remanded to the State Court from which it was removed. The Clerk of the Court will effect the remand without delay.