**TOWN OF FREEDOM, OKLAHOMA, a municipality, Plaintiff,**

**v.**

**MUSKOGEE BRIDGE COMPANY, IN-CORPORATED, South Prairie Construction Company, Defendants.**

**No. CIV–78–01029–D.**

United States District Court, W. D. Oklahoma.

Dec. 20, 1978.

---

5. See note 1 *supra.*

William E. Gruber, Alva, Okl., William R. Burkett, Oklahoma City, Okl., for plaintiff.

Robert D. Looney, Oklahoma City, Okl., for defendant Muskogee Bridge Co., Inc.

John D. Cheek, Oklahoma City, Okl., for defendant South Prairie Construction Co.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action seeking to recover damages for the loss it allegedly incurred due to the rupture of its natural gas line due to Defendants' negligence. Plaintiff alleges that Defendants Muskogee Bridge Company, Incorporated (Muskogee Bridge) and South Prairie Construction Company (South Prairie) were the prime contractor and subcontractor, respectively, for the construction of a new bridge near Freedom, Oklahoma. Plaintiff alleges that while the subcontractor South Prairie was doing construction work at the bridge site on December 17, 1976 and again on April

26, 1977 its equipment caused a rupture in Plaintiff's gas line which resulted in a large increase in Plaintiff's gas bills. Plaintiff seeks to recover damages herein from both the prime contractor Muskogee Bridge and the subcontractor South Prairie on the theory of negligence.

The action was first brought in the State District Court of Woods County, Oklahoma and was removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441. Defendants base the removal of this case to federal court on their assertion that there is diversity of citizenship between the Plaintiff and the "true party defendant" South Prairie. They allege that Muskogee Bridge, an Oklahoma citizen, was fraudulently joined as a defendant in this action for the purpose of defeating federal jurisdiction.

Following the removal of the action to this Court, Muskogee Bridge filed a motion to dismiss Plaintiff's Petition against it on the basis that the Petition failed to state a cause of action against it. Plaintiff has filed a brief in opposition to this motion. Plaintiff has also filed a motion to remand this case back to the state court on the basis that there is no diversity of citizenship between the parties. South Prairie has filed a letter in response to Plaintiff's motion to remand. Muskogee Bridge has not responded to said motion.

Accordingly, this action is now before the Court on Plaintiff's Motion to Remand and to Deny Petition for Removal and Defendant Muskogee Bridge's Motion to Dismiss Muskogee Bridge Co., Inc. The Court will consider these motions together.

Plaintiff moves the Court to remand this case back to the state court and to deny Defendants' Petition for Removal on the basis that there is no diversity of citizenship between it, an Oklahoma citizen, and Defendants Muskogee Bridge, an Oklahoma corporation, and South Prairie, a Nevada corporation. Plaintiff contends that as the prime contractor on the bridge construction project Muskogee Bridge is liable both jointly and separately with its subcontractor South Prairie on actions arising from the project.

Defendants contend that this case was properly removed to federal court as Plaintiff's Petition fails to state a cause of action against Muskogee Bridge as it fails to allege any relationship between the Defendants which would predicate liability upon Muskogee Bridge for the acts of South Prairie. Defendants argue that the relationship between Muskogee Bridge and South Prairie is that of contractor-contractee. They contend that Plaintiff's Petition should be dismissed as against Muskogee Bridge, and maintain that with Muskogee Bridge dismissed from the action there would be diversity of citizenship between Plaintiff and South Prairie.

In its brief in response to Muskogee Bridge's motion to dismiss, Plaintiff maintains that said motion should be overruled as Plaintiff has sufficiently stated a claim upon which relief can be granted against Muskogee Bridge.

As Plaintiff's motion to remand is presently before the Court, the burden of proof is on the Defendants, as the removing parties, to show that this action was properly removed. *P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546 (7th Cir. 1968); *Williams v. Tri-County Community Center*, 323 F.Supp. 286 (S.D.Miss.1971), aff'd, 452 F.2d 221 (5th Cir. 1971); *Heymann v. Louisiana*, 269 F.Supp. 36 (E.D.La.1967). Where there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear. *See Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Morrison v. Jack Richards Aircraft Co.*, 328 F.Supp. 580 (W.D.Okl.1971); *Williams v. Tri-County Community Center, supra; see Jerro v. Home Lines, Inc.*, 377 F.Supp. 670 (S.D.N.Y.1974).

The right to remove a case from a local forum into federal court is solely one conferred by statute, rather than one which is constitutionally derived. Inasmuch as the removal statutes represent congressionally-authorized encroachments by the feder-

al courts into the various states' sovereignties, those provisions must be strictly construed, and their established procedures rigidly adhered to. *Lee v. Volkswagen of America, Inc.*, 429 F.Supp. 5 (W.D.Okl. 1976); *People v. Muka*, 440 F.Supp. 33 (N.D.N.Y.1977).

■ 28 U.S.C. § 1441 indicates what actions are removable from state court to federal court. An action can be removed from a state court to a federal court, where there is no federal question, only by a defendant or defendants who are not citizens of the state where the action is brought. 28 U.S.C. § 1441(b). Therefore, a plaintiff may join a defendant who is a citizen of the state where the action is brought in order to defeat the non-resident defendant's right to remove. However, should the non-resident defendant choose to remove and all other jurisdictional requisites are met, it can submit to the court that the joinder of the resident defendant was a "fraudulent joinder" to defeat diversity. Where the removing defendant pleads fraudulent joinder it must support its claim with clear and convincing evidence. *See, e. g., McLeod v. Cities Service Gas Co.*, 233 F.2d 242 (10th Cir. 1956); *American Brahmental Association v. American Simmental Association*, 443 F.Supp. 163 (W.D.Tex.1977); 14 Wright, Miller & Cooper, *Federal Practice and Procedure* : Jurisdiction § 3723, at 611 (1976), and the cases collected therein.

■ As a general statement of what constitutes fraudulent joinder, it can be said that the joinder may be fraudulent if the plaintiff fails to state (and seemingly cannot state) a cause of action against the resident defendant, and according to the settled rules of the state in which the action is brought, the failure is obvious. *See* Note, *Fraudulent Joinder to Prevent Removal*, 27 Okl.L.Rev. 264 (1974). The plaintiff's intent or motive to defeat federal jurisdiction by its joining a resident defendant does not constitute fraud when there is some substance to the allegation against the resident defendant. *Bass v. Halliburton Oil Well Cementing Co.*, 131 F.Supp. 680 (E.D.Okl. 1955).

■ In order to be deemed a fraudulent joinder, there cannot be any reasonable ground of liability. *Gillette v. Koss Construction Co.*, 149 F.Supp. 353 (W.D.Mo. 1957). There need be only a possibility that a right to relief exists to avoid this conclusion, and a plaintiff's ultimate failure to obtain a judgment is immaterial. 14 Wright, Miller & Cooper, *Federal Practice and Procedure* : Jurisdiction § 3723, at 617–618 (1976). The issue of fraudulent joinder must be capable of summary determination and be proven with complete certainty. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir. 1964). If there is doubt as to whether the plaintiff has stated a cause of action against the resident defendant, the joinder is not fraudulent and prevents removal, and the case should be remanded. *Dyer v. Burns*, 257 F.Supp. 268 (W.D.Okl. 1966).

■ As this Court has stated on several occasions, in a removal based on an alleged fraudulent joinder the Court must be able to grant a motion to dismiss the alleged fraudulently joined defendant from the case. *See Sparks v. St. Louis & San Francisco Railroad Corp.*, 366 F.Supp. 957 (N.D. Okl.1973); *Thomas v. Archer*, 330 F.Supp. 1181 (W.D.Okl.1971); *Fine v. Braniff Airways, Inc.*, 302 F.Supp. 496 (W.D.Okl.1969); *Winton v. Moore*, 288 F.Supp. 470 (N.D.Okl. 1968). Accordingly, in order for this Court to give its approval to the removal of the instant case and to deny Plaintiff's motion to remand, it must be able to grant Muskogee Bridge's motion to dismiss the action against it on the basis that the Plaintiff's Petition fails to state a claim against Muskogee Bridge upon which relief may be granted.

■ A petition (complaint) should not be dismissed for failure to state a claim unless it appears beyond doubt that the claimant can prove no set of facts in support of its claim which would entitle it to relief. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972);

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Callaway v. United States*, 568 F.2d 684 (10th Cir. 1978).

A discussion of the liability of a contractor for injuries caused by the negligence of his subcontractor is found in 57 C.J.S. *Master and Servant* § 609 (1948):

·Where it is sought to hold a contractor liable for injuries caused by the negligence of his subcontractor, the same rule applies as where it is attempted to hold the owner liable for injuries resulting from the negligence of the contractor. An independent contractor is not liable for injuries occasioned by the negligent acts or omissions of his subcontractor, or of the latter's servant, unless the circumstances bring the case within some exception to the general rule, as where the work delegated to the subcontractor was unlawful, or necessarily produced injury, or, under the circumstances, was inherently or intrinsically dangerous unless proper precautions were taken, or necessarily subjected third persons to unusual danger, or it involved a nondelegable duty of the contractor to the public or an individual, or where the contractor, who was present and observed that the subcontractor's method of doing work created a dangerous condition, failed to correct the danger, or the contractor failed to use due care in selecting a competent subcontractor, or the contractor retained or exercised control over the work, other than a limited power of general supervision for the purpose of seeing that the subcontractor did the work properly according to the plans and specifications.

*Joint liability.* Where the original contractor and the subcontractor have joint supervision over the construction of the building, and cooperation in its construction is necessary between them, and that part of the construction undertaken by the subcontractor is concurrently and conjointly done with the remaining portion of the work which is under the control of the original contractor, they are jointly liable to persons injured by reason of their negligence. (Footnotes omitted.)

As a general rule in Oklahoma, an employer is not liable for damages to persons caused by the negligence of an independent contractor except where the work is inherently dangerous, unlawful or where the employer owes a contractual or defined legal duty to the injured party. *Oklahoma City v. Caple*, 105 P.2d 209 (Okl.1940); Note, *Liability of an Employer for the Negligence of an Independent Contractor*, 28 Okl.L.Rev. 450 (1975). In *Hudgens v. Cook Industries, Inc.*, 521 P.2d 813 (Okl.1973), the Oklahoma Supreme Court further expanded the inherently dangerous exception and established the negligent selection of an incompetent contractor as a separate basis for the liability of the employer.

In view of the above law, the Court is unable to fairly conclude from an examination of Plaintiff's Petition in this case that Plaintiff can prove no set of facts in support of its claim which would entitle it to relief against Muskogee Bridge. The Court therefore finds that the joinder of Muskogee Bridge as a defendant in this action was not fraudulent.

Accordingly, as there is a lack of diversity of citizenship between the parties herein, the Court finds that it is without jurisdiction of this action, that removal of the action to this Court was improvident, and that the case should be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

Plaintiff's Motion to Remand and to Deny Petition for Removal is sustained and the Court remands this case to the State District Court of Woods County, Oklahoma. The Clerk of the Court is directed to take the necessary action to remand this case without delay.

As the Court lacks jurisdiction regarding this case and has no authority in such circumstance other than to remand the case the Motion to Dismiss Muskogee Bridge Co., Inc., is referred to the State Court.