Marty HART, Plaintiff,

v.

Mark WENDLING and Dale Wendling, d/b/a Dale Wendling and Sons, and Joe McDaugale, Defendants.

No. CIV–80–974–D.

United States District Court, W. D. Oklahoma.

Nov. 24, 1980.

Everett J. Sweeney and Jerry E. Jones, Norman, Okl., for plaintiff.

Rex K. Travis, Oklahoma City, Okl., for defendants Wendling.

No attorney of record for defendant McDaugale.

## ORDER OF REMAND

DAUGHERTY, Chief Judge.

This is an action to recover for personal injury sustained by Plaintiff while engaged in a wheat harvest near Chappell, Nebraska, with Defendants. Plaintiff originally filed an action in this Court, CIV–79–1325–D, on December 14, 1979. Said action was dismissed without prejudice by Plaintiff on July 22, 1980. Plaintiff then filed the instant action in the District Court of Custer County, Oklahoma, joining Joe McDaugale (McDaugale), an Oklahoma citizen, as a defendant. Defendants Mark and Dale Wendling (Wendling) then filed a petition for removal to this Court alleging that McDaugale was fraudulently joined to deprive this Court of jurisdiction. Defendants Wendling further allege that they are citizens of South Dakota and Plaintiff is a citizen of Oklahoma, and therefore assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. This case is presently before this Court on the "Motion to Dismiss for Lack of Jurisdiction" filed by Defendants Wendling and Plaintiff's "Motion to Remand and Objection to Motion to Dismiss for Lack of Jurisdiction." Both of said Motions are supported by a Brief and Defendants Wendling have filed a Brief in opposition to Plaintiff's Motion.

In support of his Motion, Plaintiff contends that Defendant McDaugale was not fraudulently joined and that McDaugale is an Oklahoma citizen thereby defeating this Court's diversity jurisdiction.

Defendants Wendling respond that McDaugale was engaged in a joint venture with Plaintiff's employer when the accident in question occurred and as a joint adventurer McDaugale would be jointly liable to Plaintiff under Oklahoma's Workers' Compensation Act (Act), which would provide Plaintiff's exclusive remedy against McDaugale. Therefore, Defendants Wendling assert that Plaintiff has no cause of action against McDaugale in the instant action and McDaugale was fraudulently joined by Plaintiff to defeat this Court's jurisdiction.

An evidentiary hearing was set on November 5, 1980, to determine whether Defendant McDaugale was fraudulently joined in order to defeat diversity jurisdiction. At said hearing neither party presented any evidence in support of their positions. Defendants Wendling stated that they had no evidence to present that Plaintiff's employer was engaged in a joint venture with McDaugale and would not be able to present any evidence to that effect in the future.

The burden of proof on a motion to remand is on the Defendants Wendling as the removing parties to show that the instant action has been properly removed. *Town of Freedom, Okla. v. Muskogee Bridge Co., Inc.*, 466 F.Supp. 75 (W.D.Okla. 1978). Where any substantial doubt concerning this Court's jurisdiction, exists, the case should be remanded. *See Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Town of Freedom, Okla. v. Muskogee Bridge Co., supra.* When a removing defendant pleads fraudulent joinder, such defendant must support his claim with clear and convincing evidence. *Town of Freedom, Okla. v. Muskogee Bridge Co., supra.*

**54**

In the instant case, though afforded an opportunity, Defendants Wendling have failed to present any evidence in support of their claim of fraudulent joinder of Defendant McDaugale by way of an alleged joint venture with Plaintiff's employer. Therefore, Defendants Wendling have failed to carry their burden of proof. The Court therefore is unable to conclude that the joinder of Defendant McDaugale was fraudulent.

Accordingly, there is a lack of diversity of citizenship between the parties in this case as Plaintiff is an Oklahoma citizen and Defendant McDaugale is an Oklahoma citizen. The Court finds and concludes that it is without jurisdiction of this action, that the removal of the action to this Court was improper, and that the case should be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

Plaintiff's "Motion to Remand and Objection to Motion to Dismiss for Lack of Jurisdiction" is granted to the extent of the Motion to Remand and the Court remands this case to the District Court of Custer County, Oklahoma. The Clerk of this Court is directed to take the necessary action to remand this case without delay.

As this Court lacks jurisdiction regarding this case and has no authority in such circumstance other than to remand the case, the Court need not reach the "Motion to Dismiss for Lack of Jurisdiction" of Defendants Wendling and Plaintiff's objection thereto which Motion and objection are referred to the State Court on remand.