Bennie WOODS, Plaintiff,

v.

FIRESTONE TIRE & RUBBER CO., Chevron U.S.A., Inc., and Warren Howell, Defendants.

No. 82–8567–Civ–JLK.

United States District Court, S.D. Florida.

March 28, 1983.

---

1. In its pretrial brief, the defendant contended that Lordstown limited its implied warranties to a refund of the net purchase price of the material proved to be defective by language in its Applicator's Manual. There was no evidence at trial establishing that this language was ever brought to the attention of the plaintiff, or that it was within Goad's knowledge at the time the parties entered into the contract. Furthermore, the defendant failed to brief this question in its posttrial materials. Due to the fact that there was no evidence presented on this question at trial, it is the conclusion of this court that the limitation of liability was ineffective.

Gloria J. Ohsman, Boca Raton, Fla., for plaintiff.

Pomeroy, Betts, Markel & Steedle, Joel T. Daves, III, West Palm Beach, Fla., for defendants.

## ORDER DENYING PETITION FOR REMOVAL AND REMANDING ACTION

JAMES LAWRENCE KING, District Judge.

THIS CAUSE came before the Court upon the Petition of Defendants FIRESTONE TIRE & RUBBER CO., ("Firestone") and CHEVRON U.S.A., INC. ("Chevron"), to Remove the Action instituted by the Plaintiff in the Fifteenth Judicial Circuit Court, Palm Beach County, Florida, being *Bennie Woods v. Firestone Tire and Rubber Co., Chevron U.S.A., Inc., and Warren Howell,* Case No. 82–6191 CA (L) 01, and upon the Plaintiff's Objections to Petition for Removal.

This cause arises in the context of a products liability and negligence action brought by the Plaintiff in state court against the named Defendants, for injuries the Plaintiff allegedly suffered when a truck tire wheel assembly exploded while Plaintiff was inflating the truck tire at the Warren Howell Chevron Station. Plaintiff alleges

that he had originally asked the Chevron service station attendant to inflate the tire, but after the attendant suggested that Plaintiff do it himself, Plaintiff took Chevron's air hose and started the process of inflation that allegedly resulted in Plaintiff's injury.

Plaintiff, a Florida resident, has objected to Firestone and Chevron's proposed removal on the grounds that the third Defendant to the state court action, WARREN HOWELL ("Howell"), is also a Florida resident, so that there would be a lack of the "complete diversity" necessary to support removal under 28 U.S.C. § 1441(a). *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Firestone and Chevron have responded that Howell should be disregarded on the grounds that he is a nominal or formal defendant, who was named by the Plaintiff for the sole purpose of defeating diversity jurisdiction. Specifically, Firestone and Chevron allege that Plaintiff's Complaint fails to charge any specific acts or omissions on the part of Howell in connection with the circumstances of the alleged accident at issue, and that the Complaint instead names him as a defendant merely by virtue of his alleged status as an agent of Chevron.

■ Where a plaintiff has objected to defendants' petition for removal, "the burden of proof is on the Defendants, as the removing parties, to show that this action was properly removed." *Town of Freedom v. Muskogee Bridge Co., Inc.,* 466 F.Supp. 75, 77 (W.D.Okl.1978). Moreover, when removing defendants plead fraudulent joinder, they have the burden of supporting their claim with clear and convincing evidence. *See Id.* at 78; *Nosonowitz v. Allegheny Beverage Corp.,* 463 F.Supp. 162, 163 (S.D.N.Y.1978).

■ Since the issue of the propriety of Firestone and Chevron's Petition is now before the Court, it is incumbent upon these two Defendants to show that they have met *all* of the predicates for removing this action. *See Town of Freedom, supra,* at 77. Placing this burden on removing Defend-

ants dovetails with the rule that a federal court may examine *sua sponte* the presence of federal subject-matter jurisdiction at any stage of the proceedings. *See Mansfield, Coldwater & Lake Michigan Ry. v. Swan,* 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); *Haley v. Childers,* 314 F.2d 610, 613 (8th Cir.1963). Indeed, "[w]here there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear." *Town of Freedom, supra,* at 77.

■ Aside from the issue Plaintiff has raised concerning the lack of complete diversity among the parties to this action, Defendants' removal Petition presents an even more serious issue which none of the parties have discussed. 28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the [appropriate] district court ... a verified petition containing a short and plain statement of the facts which entitle him or them to removal..." It is established that § 1446(a)'s language "[a] defendant or defendants" means that "each and every defendant who can meet the jurisdictional requirements of 28 U.S.C. § 1441 must join in a petition for removal in order for the petition to be valid." *McKinney v. Rodney C. Hunt Co.,* 464 F.Supp. 59, 62 (W.D.N.C. 1978). Thus, failure of all of the state defendants to join in the petition for removal compels the District Court to remand the action to state court. *See Id. See also Nosonowitz, supra,* at 163 n. 1.

Of the three Defendants to the state action in the instant cause, only two, Firestone and Chevron, have joined in the removal Petition.

A caveat to the above rule, however, is that "nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded" in determining the removing defendants' compliance with § 1446(a). *McKinney, supra,* at 62. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen & Assistants Local 349,* 427 F.2d 325 (5th Cir.1970).

Thus, whether this cause is examined in terms of the lack of complete diversity among the parties to the removal action, or in terms of the failure of all of the state Defendants to join in the removal Petition, this Court is faced with the issue of whether Howell is a mere nominal or formal defendant.

A defendant is "nominal" for purposes of analyzing, as is alleged in this case, a claim of "fraudulent" or improper joinder, *see Chevron U.S.A., Inc. v. Aguillard,* 496 F.Supp. 1038, 1040 n. 1 (M.D.La.1980), "[i]f there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendant[ ] under the facts alleged..." *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979). Since Firestone and Chevron, who bear the burden of proof on this claim of fraudulent joinder, *see Town of Freedom, supra,* at 78, have not argued that Plaintiff's claim against Howell has no "arguably reasonable basis" in Florida state law, this Court must presume that Plaintiff can state such a claim. Accordingly, this Court need decide only the narrow issue Firestone and Chevron have presented, namely whether Plaintiff's Complaint fails to charge any specific acts or omissions of Howell in connection with the circumstances of the alleged accident.

In Count IV of the Complaint, Plaintiff alleges that

16. Defendant CHEVRON acting by and through its agent HOWELL possessed superior knowledge and should have known of the dangerous nature of the wheel assembly.

17. These defendants had a duty to warn plaintiff of the hazards involved in inflating the tire without enclosing the entire assembly in a protective cage.

18. These defendants were negligent in failing to warn and advise plaintiff of these known hazards.

19. Plaintiff suffered serious bodily injury as a result of the negligence defendants (sic).

These allegations, when taken in light of Plaintiff's claim that the injury occurred at a Chevron station after Howell's station attendant had suggested that Plaintiff inflate the tire himself, seem to charge sufficient "specific acts or omissions" on the part of Howell to make him a proper Defendant to this action.

Accordingly, the Court, being fully advised, does

ORDER AND ADJUDGE that the Defendants' Petition for Removal be, and it is, denied; further, the Court does

ORDER AND ADJUDGE that this action be, and it is, remanded to the Fifteenth Judicial Circuit Court in and for Palm Beach County, for all further proceedings; finally, the Court does

ORDER AND ADJUDGE that the Clerk of Court be, and is, directed to send the file in this action to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

DONE AND ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida, this 28th day of March, 1983.