Elli KIMMONS, individually as Personal Representative of the Estate of Reece M. Kimmons, Jr., Deceased, and as mother and next of friend of Reece M. Kimmons, III, Plaintiff,

v.

IMC FERTILIZER, INC., a Delaware corporation doing business in Florida, and L.F. Thurner, Defendants.

No. 93–2038–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Feb. 14, 1994.

Gary W. Sawyer, Robert Fraser, Sawyer & Pilka, P.A., Brandon, FL, for plaintiff.

Gregory Paul Hansel, Stephen F. Myers, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, for defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's Motion to Remand (Docket No. 14), and Defendant's response thereto (Docket No. 16).

Plaintiff, Elli Kimmons ("Kimmons"), initiated this action in both her individual capacity as Personal Representative of the Estate of Reece M. Kimmons, Jr., deceased, and as the mother and next of friend of Reece M. Kimmons, III, against Defendants, IMC Fertilizer, Inc. ("IMC") and L.F. Thurner ("Thurner") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Kimmons seeks to recover for the wrongful death of her hus-

band and for the resulting loss of consortium and mental anguish. The deceased was killed in a tragic accident while servicing a bulldozer owned and located upon facilities operated by IMC. Kimmons, a Florida resident, alleges that IMC, a Delaware corporation, was negligent by failing to provide the deceased with a safe workplace and that such negligence directly and proximately resulted in her husband's death. Kimmons also sued Thurner, a Florida resident and Vice President and General Manager of the IMC facility where the accident occurred, alleging that Thurner individually owed a duty to provide a safe work place for the deceased.

Subsequent to the filing of the instant action in the Florida state court, IMC removed the action to the Middle District of Florida, Tampa Division. IMC has since filed an Amended Notice of Removal (Docket No. 11). IMC asserts that Kimmons fraudulently joined Thurner as a defendant in order to defeat complete diversity as required by 28 U.S.C. § 1332(a)(1), to invoke federal jurisdiction. IMC asserts that there exists no reasonable basis by which to impose liability upon Thurner under Florida law, and thus the joinder of Thurner is fraudulent and does not serve to prevent removal.

Alternatively, Kimmons argues that Florida law indeed provides a reasonable basis upon which to impose liability upon Thurner in his capacity as a corporate officer of IMC. Kimmons additionally argues that remand is appropriate because Thurner failed to join in the Notice of Removal within the thirty (30) day period required by 28 U.S.C. § 1446(b).

■ Where state law provides no reasonable basis on which to impose liability upon a non-diverse defendant, the joinder of such a party is deemed fraudulent and does not defeat diversity for federal jurisdictional purposes. *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 116 (5th Cir.1979).[1] Defendants allege in pleadings and affidavit that Thurner had neither personal participation in or knowledge of the accident nor knowledge of the attendant working conditions. Defendants also assert through affidavit that Thurner was ap-

proximately seventeen (17) miles from the facility at the time of the accident. Kimmons does not oppose these assertions in pleadings or affidavit.

■ Kimmons asserts that Florida law provides an "arguably reasonable basis" on which to impose liability upon Thurner. In support thereof, Kimmons cites *Woods v. Firestone Tire & Rubber Co.,* 560 F.Supp. 588 (S.D.Fla.1983), in which the plaintiff was injured while inflating a Firestone tire at a service station. In addition to Firestone, the plaintiff joined the service station owner as a non-diverse defendant. *Id.* Firestone subsequently removed the case to federal district court, alleging that the plaintiff fraudulently joined the non-diverse defendant solely for purposes of defeating diversity. *Id.*

An important distinction between *Woods* and the instant action is that the *Woods* court found that since the defendants did not argue "that Plaintiff's claim [against the non-diverse defendant] ... has no 'arguably reasonable basis' in Florida law, this Court *must presume that Plaintiff can state such a claim.*" *Id.* at 591 (emphasis added) (citing *Tedder,* 590 F.2d at 117). Here, IMC specifically argues that Kimmons' claim against Thurner has no such reasonable basis in Florida law. Therefore, the Court will not presume that Kimmons can maintain its claim against Thurner, and must look to Florida substantive law in order to determine if such a basis indeed exists.

■ Kimmons cites several Florida cases for the proposition that individual officers can be liable for their tortious conduct performed in their capacities as corporate officers. None of the cases cited by Kimmons, however, support a claim against a corporate officer in the absence of any personal participation by the same. *See Orlovsky v. Solid Surf, Inc.,* 405 So.2d 1363 (Fla. 4th DCA 1981) (holding that a corporate officer "does not incur personal liability for his torts merely by reason of his official character; he is not liable for torts by and for the corporation unless he has participated in the wrong");

---

1. Decisions of the former Fifth Circuit are binding on this Court. *Bonner v. City of Prichard,*

661 F.2d 1206, 1207 (11th Cir.1981).

*Touristmart of America, Inc. v. Gonzalez,* 498 So.2d 469 (Fla. 3d DCA 1986) (involving specific allegations that the corporate officer personally and knowingly issued worthless corporate checks); *Mannish v. Lacayo,* 496 So.2d 242 (Fla. 3d DCA 1986) (involving corporate agents that knowingly made false statements to the plaintiff); *Adams v. Brickell Townhouse, Inc.,* 388 So.2d 1279 (Fla. 3d DCA 1980) (holding that corporate officers are "no less personally liable for *their* tortious acts by virtue of those acts being performed in the corporate name") (emphasis added). *See also McElveen v. Peeler,* 544 So.2d 270 (Fla. 1st DCA 1989) (finding personal participation in a tortious act to be a prerequisite for imposing liability upon individual corporate officers and rejecting liability based solely on general administrative responsibility).

Defendants have made uncontradicted assertions, supported by affidavit, that Thurner in no manner personally participated in the events giving rise to the accident, had no knowledge of the working conditions surrounding the accident, and was not present at the facilities at the time. Therefore, the Court finds no basis in Florida law which reasonably serve to impose liability upon Thurner under the instant facts. As such, the Court finds that Kimmons fraudulently joined the non-diverse defendant in order to defeat complete diversity, and according denies Plaintiff's Motion to Remand this action to state court.

Kimmons additionally asserts that IMC failed to timely join Thurner in the notice of Removal as required by 28 U.S.C. § 1446(b). However, defendants fraudulently joined may be disregarded in the removal process. *Woods,* 560 F.Supp. at 590. Since the Court found herein that Kimmons fraudulently joined Thurner, this argument is thus moot. Therefore, the Court finds it unnecessary to rule on the merits of Kimmons' additional argument. Accordingly, it is

**ORDERED** that Kimmons' Motion for Remand be **denied.**

**DONE AND ORDERED.**