**John JONES, a minor child, by and through his Next friend and attorney ad litem, David S. BAZERMAN, Plaintiff,**

v.

**FLORIDA DEPARTMENT OF CHILDREN & FAMILY SERVICES; Andrea Guy, individually; Ralph William Doble, individually; Margaret Andrews, individually; Daneen Brown, individually; Dee Cardillo, individually; Robin Landau, individually; and Natalie Ivory, individually. Defendants.**

No. 01CV7471–CIV.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

April 18, 2002.

Maria Elena Abate, Howard M. Talenfeld, Tracey Katherine McPharlin, Colodny, Fass & Talenfeld, P.A., Fort Lauderdale, FL, for plaintiffs.

Stephen Wolf Bazinsky, Michael W. Baker, Bazinsky & Korman, Plantation, FL, Helen Ann Hauser, Dittmar & Hauser, Coconut Grove, FL, for Florida Dept.

of children and Family Services, defendant.

Oscar Edmund Marrero, David Robert Cassetty, O'Connor Chimpoulis Restani, Marrero & McAllister, Coral Gables, FL, Stephen Wolf Bazinsky, Michael W. Baker, Bazinsky & Korman, Plantation, FL, for Andrea Guy, defendant.

Stephen Wolf Bazinsky, Michael W. Baker, Bazinsky & Korman, Plantation, FL, Ralph Lane McGrath, Jr., Vernis & Bowling, Fort Lauderdale, FL, for Ralph William Doble, defendant.

Stephen Wolf Bazinsky, Michael W. Baker, Bazinsky & Korman, Plantation, FL, for Margaret Andrews, Daneen Brown, Dee Cardillo, defendants.

Stephen Wolf Bazinsky, Michael W. Baker, Bazinsky & Korman, Plantation, FL, Elizabeth Mercedes Rodriguez, Kubicki Draper, Miami, FL, for Robin Landau, defendant.

Stephen Wolf Bazinsky, Michael W. Baker, Bazinsky & Korman, Plantation, FL, Jeffrey Alan Rubinton, Luks Koleos & Santaniello, Fort Lauderdale, FL, Paul Stephen Jones, Third District Court of Appeal, State of Florida, Miami, FL, for Natalie Ivory, defendant.

### ORDER

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Plaintiffs' Motion to Remand with Incorporated Memorandum of Law.

**THE COURT** has considered the motion, the pertinent portions of the record and is otherwise fully advised in the premises.

### BACKGROUND

On July 11, 2001, Plaintiff John Jones, a minor child, by and through his next friend and attorney ad litem, David S. Bazerman, ("Plaintiff") filed his Complaint against Defendants Department of Children and Family Services ("DCF"), Andrea Guy ("Guy"), Ralph William Doble ("Doble"), Margaret Andrews ("Andrews"), Daneen Brown ("Brown"), Dee Cardillo ("Cardillo"), Robin Landau ("Landau") and Natalie Ivory ("Ivory")(collectively the "Defendants") in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights by failing to properly investigate the foster home in which he was placed and subjecting him to physical and emotional abuse. Plaintiff asserts claims for negligence and for violations of 42 U.S.C. § 1983.

On September 13, 2001, Defendant Andrews filed a notice of removal, alleging this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1] In her notice of removal, Defendant Andrews asserted:

> All Defendants who have been served as of the date of filing this Notice of Removal have consented to the removal of this to the United States District Court for the Southern District of Florida, and each will file a Notice of Consent (attached as Exhibit "A") in support of this Notice of Removal. The Florida Department of Children & Family Services consents to the removal without waiving its right to object to jurisdiction or file a Motion for Remand the Florida Department of Children & Family Services to State Court.

Defendant Andrews' Notice of Removal ¶ 11.

On September 20, 2001, Defendants Landau and Ivory filed notices of consent to the removal. On September 25, 2001,

---

1. At the time of removal, Plaintiff had served all of the Defendants, except for Defendant Brown. Plaintiff first served Defendant DCF on August 17, 2001.

Defendant Guy joined Defendants Andrew, Landau and Ivory and filed her notice of consent to removal.[2] Defendant DCF, however, did not file a notice of consent to removal. Rather, on September 20, 2001, Defendant DCF filed its motion to dismiss, or to remand, arguing that the negligence claim asserted against it must be remanded to the state court.

On October 9, 2001, Plaintiff moved to remand for failure to comply with the removal procedures set forth in 28 U.S.C. § 1446. In particular, Plaintiff argues that although Defendant Andrews timely filed her notice of removal, the remaining Defendants failed to timely consent to and/or join in removal in violation of the rule of unanimity. The individual Defendants responded and argued that Defendant Andrews' notice of removal was sufficient to comply with all procedural requirements for removal.

### ANALYSIS

■ Pursuant to 28 U.S.C. § 1447, a case may be remanded for any defect in removal procedure. *See* 28 U.S.C. § 1447(c); *Engle, M.D. v. R.J. Reynolds Tobacco Co.*, 122 F.Supp.2d 1355 (S.D.Fla. 2000). Indeed, the removal statutes are strictly construed and any doubts or ambiguities are to be resolved in favor of remand. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir.1998). The burden is on the removing party to demonstrate that removal was proper. Plaintiff argues that removal was procedurally defective in this case because it was without the timely consent of all Defendants.

The removal statutes require a defendant to file its notice of removal within thirty (30) days of service on the defendant of a pleading which sets forth a basis for removal. *See* 28 U.S.C. § 1446(b). In

addition, although there is no express statutory requirement for joinder or consent by co-defendants, the Eleventh Circuit, along with numerous district courts agree that all named defendants must join the removal petition for removal to be proper within the meaning of § 1447(c). *See In re Ocean Marine Mut. Prot. and Indem. Ass'n., Ltd.*, 3 F.3d 353, 355–56 (11th Cir. 1993); *Woods v. Firestone Tire & Rubber Co.*, 560 F.Supp. 588, 590 (S.D.Fla.1983). This is commonly referred to as the "rule of unanimity." *Engle*, 122 F.Supp.2d at 1359.

There is some disagreement among the district courts, however, as to what constitutes joinder and what is required to effectuate consent. *See Nathe v. Pottenberg*, 931 F.Supp. 822, 825 (M.D.Fla.1995) (stating "[t]o effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30–day period prescribed in 28 U.S.C. § 1446(b)"); *Jasper v. Wal–Mart Stores*, 732 F.Supp. 104, 105 (M.D.Fla.1990) (noting "all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants"); *Crawford v. Fargo Mfg. Co.*, 341 F.Supp. 762, 763 (M.D.Fla.1972) (noting "[t]here is authority to the effect that all defendants need not sign the original removal petition ... [h]owever, it is clear that all defendants who have been served must join in the petition for removal") (citations omitted).

Because an order remanding a case to the state court from which it was removed its not reviewable on appeal, Circuit Courts rarely address this issue. *See In*

---

**2.** On September 17, 2001, Defendant Doble, in an apparent error, filed his notice of con-

sent to removal with the state court.

*re Ocean Marine Mut. Prot. and Indem. Ass'n,* 3 F.3d 353, 355 (11th Cir.1993) (ruling that "a remand order based on a timely § 1447(c) motion to remand for defects in removal procedure is unreviewable pursuant to § 1447(d)"). The Fifth Circuit, however, has addressed the necessity of timely consent by all defendants:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*See Getty Oil Corp. v. Insurance Co. of N.A.,* 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). Based on the Fifth Circuit's language in *Getty,* the Court finds consent and/or joinder by all served Defendants must be 1) timely and 2) binding.

### Timeliness

■ Plaintiff argues that the individual Defendants did not timely consent to removal. The Court agrees. Plaintiff served Defendant DCF on August 17, 2001. Accordingly, the notice of removal and "some timely written indication" from each served Defendant had to be filed by September 16, 2001. Although Defendant Andrews timely filed her notice of removal on September 13, 2001, the remaining served Defendants did not file their notices of consent to the removal before the September 16, 2001 deadline. Therefore, their consent and/or joinder was untimely.

The individual Defendants argue that Defendant Andrews' timely statement that all Defendants consented to removal is alone sufficient to comply with Section 1446 and the rule of unanimity. While some district courts have permitted removal without timely separate statements of joinder, these cases are distinguishable from the facts in this case. For example, in *Engle v. R.J. Reynolds Tobacco,* all of the defendants jointly filed the notice of removal. In this case, however, Defendant Andrews filed the notice on her own behalf. No where in the notice is there a clear indication that the other Defendants are joining in removal. Indeed, the notice indicates that the other Defendants would be filing individual notices of consent to removal. These notices should have been timely filed.

Several district courts have addressed this same issue and found that "the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder." *Production Stamping Corp. v. Maryland Cas. Co.,* 829 F.Supp. 1074, 1076 (E.D.Wis.1993). *See also Newman v. Spectrum Stores,* 109 F.Supp.2d 1342, 1345 (M.D.Ala.2000) ("A consent to removal must be filed within thirty days after the first defendant is served... Neither the late filed consent nor the later assertion by counsel that the statement included in the Notice of Removal was authorized can cure the defect.") Accordingly, the Court finds the notice of removal was insufficient to constitute consent for all Defendants and that the individual Defendants' notices of consent were not timely. Consequently, the rule of unanimity has been violated and this case must be remanded.

### Binding Consent By All Defendants

■ The Court also notes that all Defendants must take binding action manifesting their consent to removal. *See Getty,* 841 F.2d at 1262. Defendant DCF has not taken such action. Indeed, Defendant

DCF has filed a motion to dismiss, or in the alternative, to remand the claims against it. A motion to remand is at odds with action constituting binding consent to removal. Accordingly, the Court finds that all Defendants have not consented to removal and that this cause should be remanded.

## CONCLUSION

Based on the foregoing, it is,

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand is GRANTED. It is further,

**ORDERED AND ADJUDGED** that the above styled cause is REMANDED to the Seventeenth Judicial Circuit in and for Broward County, Florida. It is further,

**ORDERED AND ADJUDGED** that this case is CLOSED and all pending motions are DENIED as MOOT.