**Jane DOE, Plaintiff,**

v.

**THE FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, the District Board of Trustees of Miami–Dade College, and Hector Tovar–Gross, Defendants.**

**No. 0622495CIV.**

United States District Court, S.D. Florida.

Dec. 14, 2006.

The Plaintiff, Jane Doe, was represented by Stuart Mermelstein and Adam Horowitz of Herman & Mermelstein, P.A. in Miami, FL.

Defendant, Florida International University, was represented by Oscar Marrero of The Law Office of Oscar Marrero in Coral Gables, FL.

Defendant, Miami–Dade Community College, was represented by Karen Brimmer of Hinshaw & Culbertson LLP in Miami, FL.

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

UNGARO, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand, filed November 6, 2006 (D.E.9). Plaintiff also moves for costs and attorneys' fees. Defendant Florida International University Board of Trustees ("FIU") responded on November 21, 2006 (D.E.11) and Plaintiff replied on November 29, 2006 (D.E.15). This matter is now ripe for disposition.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

By way of background, this action originated on April 11, 2005, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County. Counts I and II of that Complaint alleged claims under 42 U.S.C. § 1983 based on an alleged sexual assault by a faculty member of the state university system against a student. Defendants did not seek removal of the Complaint pursuant to 28 U.S.C. § 1441(a) at that time. On April 26, 2006, Count I of the Complaint was dismissed by an Agreed Order following FIU's Motion to Dismiss. Following dismissal of the § 1983 claim, Plaintiff filed a motion for leave to file her Second Amended Complaint along with a copy of the Second Amended Complaint on August 16, 2006. On September 13, 2006, the state court granted the Agreed Order on Plaintiff's Motion for Leave to File and the Second Amended Complaint was deemed filed on August 16, 2006. The Second Amended

Complaint adds a claim under Title IX, Education Amendments of 1982, 20 U.S.C. § 1681, *et seq.*, as well as state law claims for negligence and sexual assault, based on the same facts alleged in the initial Complaint.

■ Having reviewed Plaintiff's Motion to Remand as well as FIU's response, the Court finds that Plaintiff correctly identifies grounds upon which remand to state court is appropriate under the circumstances. As an initial matter, removal statutes must be narrowly construed, and uncertainties are to be resolved in favor of remand. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir.1998). The removing party therefore bears the burden of showing that removal was proper. *Clarson v. Southern General Life Ins. Co.*, 694 F.Supp. 847, 848 (M.D.Fla.1987). Based on the statutory language, when an initial pleading is removable the defendants have 30 days from receipt of the initial pleading to file a notice of removal or they waive their removal right. *See* 28 U.S.C. § 1446(b). Plaintiff argues, and Defendant does not dispute, that FIU failed to file a notice of removal within 30 days of its receipt of the initial pleading which raised a federal question and was removable pursuant to 28 U.S.C. § 1441(a). Defendant instead bases its removal on the judicially created doctrine of "revival."

■ The "revival exception" allows a defendant who fails to exercise his removal rights on the first available basis to newly assert the right to remove based on the occurrence of certain later events. *See Clegg v. Bristol–Myers Squibb & Co.*, 285 B.R. 23, 30 (M.D.Fla.2002) (citing *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962 (7th Cir.1982)). This narrow exception is limited to two types of cases: (1) where the plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day period expires; or (2) where an amended complaint "fundamentally alters" the nature of the case to such an extent that it creates "an essentially new lawsuit." *Clegg*, 285 B.R. at 31 (quoting *Wilson*, 668 F.2d at 965–66).

■ FIU asserts that this case fits under the second scenario of the revival exception. Specifically, FIU argues that the new action is fundamentally different because the defense of sovereign immunity has been specifically abrogated by Congress for actions arising under Title IX and it is not available as an affirmative defense for FIU as it was under the original claim for violation of § 1983. In response, Plaintiff argues that issues regarding waiver of sovereign immunity are not a proper basis to invoke the revival exception and that, in fact, whether FIU had timely removed the initial Complaint had no bearing on any defense to the original Complaint, because the initial Complaint alleged only the single claim against FIU for violation of § 1983. The substantive issue on that claim, Plaintiff argues, was whether FIU was an "arm of the state." Plaintiff argues that this issue was the same in federal court as in state court and, because § 1983 was the only claim against it, FIU would not have been voluntarily subjecting itself to suit in federal court on any pendent claims. Additionally, Plaintiff points out that the removing party carries the burden of proving that removal was proper and that FIU has not offered any authority for its position that waiver of Eleventh Amendment immunity creates revival of removal.

■ In applying the revival doctrine, the Court must consider not only the differences between the original and the amended complaints, but also the purposes of the 30–day limitation of 28 U.S.C. § 1446(b), namely to deprive the defendant of a 'wait-and-see' tactical advantage and to prevent delay and waste of resources by

starting a case over. *Wilson,* 668 F.2d at 966. In this case, like in *Wilson,* the amendments did not change the "target of [the] attack" or the "nature of the relief sought." *Id.* In both the original and the Second Amended Complaint, Plaintiff seeks monetary damages arising out of the same facts, an alleged sexual assault by a faculty member against a student. While the allegations in the amended complaint differ somewhat from the original § 1983 action, both complaints contain the same essential allegation—that FIU violated Plaintiff's rights by failing to protect her from Defendant Tovar–Gross despite knowledge of a prior allegation of sexual assault by him. The Court finds that the changes are not so drastic that the purposes of the 30–day limitation would not be served by enforcing it. Continued litigation in state court would not be unjust under the circumstances. Therefore, the case has been improvidently removed.

Plaintiff raises three alternative grounds for remand of the action, summarized as follows: (1) FIU's notice of removal was not filed within 30 days of its receipt of the Second Amended Complaint; (2) FIU failed to show all Defendants consented to removal or that their consent was properly excused, and (3) FIU failed to attach all pleading to its notice, including the Second Amended Complaint. The Court does not reach these defective procedure arguments because, as discussed, the Court finds that remand is appropriate based on waiver of the right to remove. However, since defective procedure forms the basis for Plaintiff's claim that it should be awarded attorney's fees and costs, the Court must address the defective procedure claims on this limited basis.

■ ■ Upon granting an order remanding a case, the court may require payment of costs and attorneys fees. 28 U.S.C. § 1447(c). Where an objectively reasonable basis for seeking removal exists, fees should be denied. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). Plaintiff argues that fees are appropriate because of the multiple procedural defects argued in its Motion to Remand. However, in its Response in Opposition to the Motion to Remand, FIU advanced an objectively reasonable basis for removal based on the revival exception. Next, without determining the timeliness issue, the Court is satisfied that FIU had an objectively reasonable basis for filing its Notice of Removal on October 5, 2006, following the September 13, 2006 Agreed Order which deemed the Second Amended Complaint filed as of August 16, 2006. With respect to the rule of unanimity, there is disagreement among the district courts as to what is required to effectuate consent. *See Nathe v. Pottenberg,* 931 F.Supp. 822, 825 (M.D.Fla.1995). In its Notice of Removal, FIU represented that Miami–Dade College had orally consented to the removal and recited its efforts to obtain the consent of Tovar–Gross. *See Engle v. R.J. Reynolds Tobacco Co.* 122 F.Supp.2d 1355, (S.D.Fla.2000) (signing notice of removal not necessary to demonstrate consent where joinder was nonetheless apparent); *cf. Jones v. Fla. Dept. of Children & Family Services,* 202 F.Supp.2d 1352 (finding consent insufficient where defendant filed notice of removal on her own behalf).[1] While the Court declines to state its opinion as to whether FIU's actions satisfy joinder and consent to removal, the Court

---

**1.** The Court notes that the facts in *Jones* make a much stronger showing for the insufficiency of the consent than in our current situation. In *Jones,* the defendant represented that all defendants would be filing individual notices of consent to removal, which were subse-quently not filed, and one defendant actually filed a motion to dismiss or in the alternative to remand the claims against it, clearly demonstrating that its lack of consent to removal. *Jones,* 202 F.Supp.2d at 1355–56.

does not find that attorneys' fees are appropriate under the circumstances. Furthermore, FIU represents that the failure to attach the Second Amended Complaint was a clerical error. Accordingly, the Court declines to require payment of the attorney's fees and costs related to the Motion. It is hereby

ORDERED and ADJUDGED that this cause is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida.