FEDERAL DEPOSIT INSURANCE COR-
PORATION, Receiver of Security Na-
tional Bank of Lubbock, Texas, Plain-
tiff,

v.

C.W. BROOKS, C.C. Brooks, Individually
and as Partners of Meadow Implement
Leasing Co., a Partnership, Meadow
Implement Company, Inc., Meadow
Land, Inc., C.W. "Bud" Brooks, Indi-
vidually, C.W. "Bud" Brooks, Trustee,
Individually and in his Capacity as
Trustee, C.C. "Preacher": Brooks, Indi-
vidually, Norman Caswell, Individually,
and Bobby McAlister, Individually, De-
fendants.

Civ. A. No. CA-5-84-252.

United States District Court,
N.D. Texas,
Lubbock Division.

Jan. 7, 1985.

Harold H. Pigg, Brock Morton & Pigg,
Lubbock, Tex., for plaintiff.

Jack P. Driskill, David R. Langston,
McWhorter, Cobb & Johnson, Lubbock,
Tex., for defendants.

MEMORANDUM ORDER

WOODWARD, Chief Judge.

On January 7, 1984, the court considered
the defendant C.W. Brooks' Motion to Re-
mand filed in the above-styled case. After
hearing the oral arguments of counsel in
this case, considering the motion and ac-
companying brief, and studying the brief in
opposition thereto, the court denies the de-
fendant's motion.

Twelve U.S.C. § 1819 (Fourth) permits
the Federal Deposit Insurance Corporation
(FDIC) to remove to federal courts any
case in which it is involved as the receiver
of a national bank "following any proce-
dure for removal now or hereafter in ef-
fect." The courts have interpreted this
provision as requiring the FDIC to remove
a case within the thirty-day time limit set
forth in 28 U.S.C. § 1446 (1982). *In re
Franklin National Bank Securities Liti-
gation*, 532 F.2d 842 (2d Cir.1976).

The issue raised in the defendant C.W.
Brooks' motion is when does the § 1446
thirty-day removal period begin. Brooks
argues that it started to run in this case in
April 1984 when the FDIC was appointed
receiver of the Security National Bank.
The FDIC argues that the period com-
menced when it intervened in the state
court suit on December 11, 1984, two days
before it removed the action to this court.

In *FDIC v. Otero*, 598 F.2d 627 (1st
Cir.1979), the court considered a similar
question and determined that the thirty-day
period starts running when the FDIC inter-
venes in the state court action. In that
case, the FDIC intervened in a lawsuit
pending before a Commonwealth court in
Puerto Rico as the assignee of a defunct
bank. The FDIC then removed the case to
the United States District Court for the
District of Puerto Rico. Third-party de-
fendants argued on appeal that the remov-

al was untimely, but the First Circuit disagreed. It stated in a footnote:

> We reject as frivolous appellant's claim that the removal petition was untimely under 28 U.S.C. § 1446(b). Although appellees had notice of the assignment of the notes to the FDIC in November 1977, the case was not "removable" within the meaning of the statute until the FDIC actually intervened in February, 1978. The petition for removal was timely filed within 30 days of the FDIC's intervention.

*Id.* at 633, n. 7.

This court similarly has held that the FDIC has thirty days from the date of its intervention in state court within which to remove to federal court. *FDIC v. Patton Cotton Co.*, 652 F.Supp. 742 (N.D.Texas, 1984) (order denying request for remand); *FDIC v. Crowe*, 652 F.Supp. 740 (N.D. Texas, 1984) (order denying motion for remand). In those cases, this court construed 28 U.S.C. § 1446(b) and determined that the FDIC's motion to intervene was the "pleading, motion, order or other paper from which it may first be ascertained that the case is one which ... has become removable."

Following the reasoning used in *Otero* and two of its prior decisions, the court holds that the FDIC acting as receiver of a national bank becomes a party for purposes of removal under 12 U.S.C. § 1819 (Fourth) (1982) on the date it intervenes in the state court action in which the defunct national bank was suing as plaintiff. The FDIC has thirty days from that date within which to remove the case to federal court pursuant to 28 U.S.C. § 1446(b).

Because the FDIC properly and timely removed the instant case to this court, it is

ORDERED that the defendant C.W. Brooks' Motion to Remand is DENIED.