**Elaine SAVOY, Plaintiff,**

v.

**Randolph L. WHITE, The Money Tree, Inc., Rhodes Financial Services, Inc., Frank Tocci, Blue Hill Federal Credit Union, and Karen Neri, Esquire, Defendants.**

**Civ. A. No. 90–12152–S.**

United States District Court,
D. Massachusetts.

Dec. 28, 1990.

---

Jeffrey C. Effren, Catanzaro, Effren & Herrick, Ashland, Mass., for plaintiff.

R. Alan Fryer, Peabody & Arnold, Boston, Mass., for defendants.

## ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION TO REMAND

SKINNER, District Judge.

On May 22, 1990, the plaintiff filed a complaint in Middlesex Superior Court, Commonwealth of Massachusetts, alleging seven counts against Blue Hill Federal Credit Union (Blue Hill) for, among other things, breach of fiduciary duty and fraud. On May 30, 1990, the National Credit Union Administration Board (NCUA) gave notice that it had appointed itself as Conservator of Blue Hill pursuant to the Federal Credit Union Act, 12 U.S.C. § 1786(h)(1). On July 6, 1990, Blue Hill filed a motion in the Superior Court to dismiss five of the seven counts. On July 17, 1990, the plaintiff filed an opposition to the motion to dismiss, and a hearing on the motion in Superior Court was scheduled for September 17, 1990.

On September 4, 1990, NCUA, as Conservator of Blue Hill, filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, and 12 U.S.C. § 1789(a)(2). On October 5, 1990, the plaintiff filed a motion to remand to Middlesex Superior Court. On October 19, 1990, NCUA filed a motion to be substituted for Blue Hill as the real party in interest in this action.

The administrative provisions of the Federal Credit Union Act read, in relevant part:

> All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy. The Board may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court ... by following any procedure for removal now or hereafter in effect. ...

12 U.S.C. § 1789(a)(2). The parties agree that the procedure for removal is governed by the general removal statute, 28 U.S.C. § 1446(b).[1] Since there are no reported cases interpreting the removal procedures set forth in 12 U.S.C. § 1789(a)(2), both parties have turned to analogous cases decided under the parallel statute governing the Federal Deposit Insurance Corporation (FDIC), 12 U.S.C. § 1811 *et seq.*

The sole disagreement between the parties is over when the 30-day clock for removal starts ticking. The plaintiff claims that the clock started ticking on May 30, the day that NCUA appointed itself Conservator of Blue Hill. NCUA claims that the clock will not start ticking until it actually intervenes in the case and becomes a party of record.

In a case in which the FDIC intervened as a party plaintiff, thus giving rise to federal question jurisdiction, the Court of Appeals for the First Circuit held that the defendants' petition for removal was timely

---

1. Under 28 U.S.C. § 1446(b), "The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. ..."

filed. The court ruled that although the defendants had been given notice in November 1977 that the FDIC had purchased the defendants' obligations from the plaintiff bank as part of a reorganization plan, the 30–day removal clock did not start ticking until the FDIC actually intervened in February 1978. The court rejected "as frivolous" appellant's claim that the removal petition was untimely filed under 28 U.S.C. § 1446(b). *Federal Deposit Insurance Corporation v. Otero,* 598 F.2d 627, 633 n. 7 (1st Cir.1979).

Judge Caffrey has extended the holding of *Otero* by allowing the FDIC to remove within 30 days after being formally substituted as a party. *Structural Systems, Inc. v. Sulfaro,* 687 F.Supp. 22 (D.Mass. 1988). *Structural Systems* presented a fact pattern similar to the one before me. After the complaint was filed, the defendant became insolvent and the FDIC was appointed receiver of its assets. The court held that federal jurisdiction was not defeated by the fact that the FDIC was not yet formally a party to the action: "While formal intervention or substitution of the FDIC prior to the petition for removal is desirable, it is not necessary to support jurisdiction under 12 U.S.C. § 1819(4)." *Structural Systems,* 687 F.Supp. at 23 (citation omitted). The court granted the FDIC's motion to be formally substituted as a party, and then rejected the plaintiff's contention that the petition for removal was not timely filed:

> To the contrary, the FDIC's petition for removal could only be characterized as premature. A removal petition brought under 12 U.S.C. § 1819(4) is timely if filed within thirty days after the FDIC becomes a party. *Otero,* 598 F.2d at 633, n. 7. In this case, the petition was filed before the FDIC formally became a party.

*Id.* Other courts have held that the FDIC may remove up to 30 days after it becomes a formal party. *See, e.g., T & M Dental Lab, Inc. v. First Industrial Bank,* 714 F.Supp. 798 (E.D.La.1989); *Federal Deposit Insurance Corporation v. C.W. Brooks,* 652 F.Supp. 744 (N.D.Tex.1985); *Interior Glass Services, Inc. v. Federal Deposit Insurance Corporation,* 691 F.Supp. 1255 (D.Alaska 1988). *But see Federal Deposit Insurance Corporation v. Norwood,* 726 F.Supp. 1073, 1076 (S.D.Tex.1989) (holding that the 30–day period began to run on the day the FDIC received the papers appointing it the bank's receiver).

"It is only where the FDIC has been vigorously involved in the action for a prolonged period of time before formally intervening that the thirty day period has been held to begin prior to intervention." *Heafitz v. Interfirst Bank of Dallas,* 711 F.Supp. 92, 95 (S.D.N.Y.1989) (citations omitted). In this case, NCUA filed the notice of removal on September 4, 1990, only about two months after counsel first filed a notice of appearance on behalf of Blue Hill. This is not a case of excessive delay by NCUA.

> The policy of requiring prompt removal avoids tactical removals after a defendant sees the case going sour in state court. Plaintiffs are not helpless to prevent such removals. In order to start the 30 day period, plaintiffs can take the initiative in naming or moving to substitute proper parties.

*Interior Glass,* 691 F.Supp. at 1257.

Accordingly, National Credit Union Administration's motion for substitution as party is allowed. Plaintiff's motion to remand is denied.