**Elaine SAVOY, Plaintiff,**

v.

**Randolph L. WHITE, et al., Defendants.**

**Civ. A. No. 90–12152–S.**

United States District Court,
D. Massachusetts.

Sept. 18, 1991.

ORDER RE: PLAINTIFF'S MOTION TO
AMEND COMPLAINT (DOCKET
ENTRY # 44)

MARIANNE B. BOWLER, United States Magistrate Judge.

Plaintiff Elaine Savoy filed her original complaint alleging, in part, fraud, negligence and breach of fiduciary duty against defendants on May 23, 1990 in Middlesex Superior Court, Commonwealth of Massachusetts, No. 90–3533. On September 4, 1990, the action was removed to this court pursuant to 28 U.S.C. § 1446. On May 28, 1991, plaintiff filed a Motion to Amend Complaint[1] with an accompanying Second Amended Verified Complaint. (Docket Entry # 44). On July 23, 1991, this court held a hearing and took the matter under advisement.

## BACKGROUND

Plaintiff's motion to amend seeks to add Count XII alleging a breach of fiduciary duty against defendants Randolph L. White ("White") and Francesco C. Tocci ("Tocci"). Defendants National Credit Union Administrator ("NCUA"), White, Tocci, The Money Tree, Inc. ("TMT"), and Rhodes Financial Services, Inc. ("RFS") (hereinafter: "defendants") object to the amendment on the grounds of futility, failure to comply with the Court's Order of January 4, 1991, undue delay, undue prejudice and bad faith[2].

On or about August of 1988, plaintiff obtained loans of approximately $600,000 from defendant Blue Hill Federal Credit Union ("Blue Hill")[3], secured by mortgages on her property (¶¶ 14 & 21–23)[4]. Plaintiff used the loans to purchase mortgage assignments from defendant RFS (¶¶ 8 & 10). Prior to this time, plaintiff allegedly

Rosemary A. Bosselait, Jeffrey C. Effren, Catanzaro, Effren & Herrick, Ashland, Mass., for plaintiff.

R. Alan Fryer, Peabody & Arnold, Boston, Mass., for Blue Hill Fed. Credit Union and Nat. Credit Union.

Stuart H. Sojcher, Framingham, Mass., Lawrence Field, Posternack, Blankstein & Lund, Harvey Peters, Peters, Smith & Moscardelli, Boston, Mass., for Randolph L. White, Money Tree, Inc. and Rhodes Financial Serv.

Van C. Lanckton, Craig & Mac Cauley, Boston, Mass., for Francesco C. Tocci.

Lawrence Field, Daniel F. Featherston, Jr., Posternak, Blankstein & Lund, Boston, Mass., for Karen A. Neri.

---

1. On March 4, 1991, this court denied plaintiff's first motion to amend on the grounds of futility. The proposed amendment sought to add two claims for violation of statutes 15 U.S.C. § 1601 *et seq.* and 12 U.S.C. § 2601 *et seq.* This court did, however, allow plaintiff to add language to paragraph 45.

2. Defendants NCUA, White, Tocci, TMT and RTS' opposition pleadings argue denial on the grounds of futility and noncompliance with the January 4, 1991 Order. (Docket Entries ## 51, 52, 63). At the July 23, 1991 hearing, defen-

dants NCUA and Tocci orally objected to the amendment on the grounds of undue delay, undue prejudice and bad faith.

3. On December 28, 1990, the National Credit Union Administration was substituted as the real party in interest for Blue Hill. (Docket Entry # 22). 753 F.Supp. 412.

4. Facts are taken from plaintiff's proposed Second Amended Verified Complaint, filed with the motion to amend. (Docket Entry # 44).

had an ongoing relationship with defendants White and Tocci who she consulted with as financial advisors. Defendants White and Tocci purportedly recommended that she enter into the above transaction (¶ 107, & 114–116). Plaintiff asserts that defendants White and Tocci's superior knowledge and plaintiff's reliance upon that knowledge created a fiduciary relationship and, thus, imposed a duty on the defendants not to make material misrepresentations or omissions concerning the loans obtained by plaintiff from defendant Blue Hill (¶¶ 118–123). Plaintiff subsequently lost in excess of $600,000 and Blue Hill has commenced foreclosure proceedings (¶ 43).

## DISCUSSION

Rule 15(a), Fed.R.Civ.P., provides that leave to amend "shall be freely given when justice so requires." Absent futility, undue delay, undue prejudice and/or bad faith, in addition to other grounds not pertinent to this discussion, Rule 15(a) generally requires allowance of amendments. *Vargas v. McNamara*, 608 F.2d 15, 18 (1st Cir.1979) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

Defendants object on the grounds of futility, failure to comply with the Court's January 4, 1991 Order, undue prejudice, undue delay and bad faith. (Docket Entries ## 51, 52 & 63). Each ground is discussed respectively.

### I. *Futility*

Futility constitutes an adequate basis to deny a proposed amendment. *Demars v. General Dynamics Corp.*, 779 F.2d 95, 99 (1st Cir.1985); *Liberty Leather Corp. v. Callum*, 653 F.2d 694, 700 (1st Cir.1981). A proposed amendment is futile if it serves no legitimate purpose or is without legal merit. *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 59 (1st Cir.1990). *Liberty Leather Corp. v. Callum*, 653 F.2d at 700.

Defendant NCUA first asserts that Count XII is barred under 12 U.S.C. § 1788(a)(3) and the estoppel doctrine of *D'Oench Duhme & Company v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). (Docket Entry # 52). In its motion for summary judgment currently pending before the district judge, defendant NCUA raises an identical argument. (Docket Entries ## 39 & 40). This court, therefore, defers to the district judge in this matter and declines to address the issue at the present time.

Defendants also argue that Count XII fails to state a claim for breach of fiduciary duty. (Docket Entries ## 51, 52 & 63). The existence of a fiduciary relationship is generally a factual determination. *Schleifstein v. Greenstein*, 9 Mass. App. 344, 401 N.E.2d 379, 383 (1980); *see Broomfield v. Kosow*, 349 Mass. 749, 212 N.E.2d 556, 560 (1965). Business relationships or arms length transactions do not in general rise to the level of a fiduciary relationship. *McIntyre v. Okurowski*, 717 F.Supp. 10, 11 (D.Mass.1989) (stockbroker/investor relationship under Massachusetts law). A fiduciary relationship may occur, however, by virtue of a longstanding relationship, a confidence reposed by one party upon another, and an abuse of that confidence or an exertion of influence over one party by the other for its own advantage. *Warsofsky v. Sherman*, 326 Mass. 290, 93 N.E.2d 612, 615 (1950). Plaintiff, however, merely by imposing trust and confidence in defendants, cannot transform a relationship into a fiduciary one. *Superior Glass v. First Bristol County National Bank*, 380 Mass. 829, 406 N.E.2d 672, 674 (1980) (quoting *Broomfield v. Kosow*, 349 Mass. 749, 212 N.E.2d 556 (1965)). Defendants' knowledge, however, of plaintiff's reliance may provide a catalyst to change an ordinary business relationship into a fiduciary one. *Broomfield v. Kosow*, 212 N.E.2d at 560 (other factors include, in part, prior relationship of parties and plaintiff's business capacity); *see also, Schleifstein v. Greenstein*, 401 N.E.2d at 382 (fact finder will examine relative business acumens of parties). Circumstances justifying the imposition of a constructive trust in equity for breach of fiduciary duty are varied and, therefore, Massachusetts

courts are reluctant to provide a comprehensive definition. *Warsofsky v. Sherman*, 93 N.E.2d at 615.

In the proposed Second Amended Verified Complaint, plaintiff alleges an ongoing relationship prior to the transactions with defendant Tocci, who acted both individually and as agent for Blue Hill [5] (¶ 107). Plaintiff also asserts that she consulted with defendant Tocci as her "financial advisor" and that he advised her to mortgage her properties and loan money through RFS and TMT (¶¶ 114 & 115). Defendant Tocci purportedly represented that the loans were safe and plaintiff relied on this representation (¶¶ 116, 119). By virtue of his position as CEO, defendant Tocci, acting individually and as Blue Hill's agent, allegedly had both confidential knowledge of plaintiff's finances and superior knowledge of the loan transactions at issue (¶¶ 111 & 118). Finally, plaintiff asserts that defendant Tocci knew of plaintiff's reliance upon his superior knowledge (¶¶ 120 & 121).

Accordingly, in light of the above allegations and for purposes of this opinion only, there is a question of fact as to the existence of a fiduciary relationship such that an amendment to include Count XII is not futile at this time.

**II. *Compliance with the Court's January 4, 1991 Order (Docket Entry # 24)***

Defendants next contend that the court's January 4, 1991 Order ruled that Count IV failed to state a claim for relief and, consequently Count XII, because of its similar nature, also fails to state a claim [6]. (Docket Entries ## 51, 52 & 63). The Order granted defendants Tocci and Blue Hill's motion to dismiss because, in respect to Count IV [7], plaintiff failed to plead sufficient facts to establish a fiduciary relationship. Specifically, plaintiff did not allege an ongoing relationship with Tocci or that she retained him as her financial advisor.

Count XII now contains nineteen additional paragraphs that, for reasons stated above, are not futile under Rule 15(a), Fed. R.Civ.P. In particular, paragraph 107 alleges an ongoing relationship, as conceded by defendant NCUA, and paragraph 114 contends that plaintiff consulted with defendant Tocci as her financial advisor. Compliance with the court's January 24, 1991 Order is a discretionary matter for the trial judge and this court, therefore, declines to address the issue at the present time.

**III. *Undue Delay***

■ "While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party ... it is clear that 'undue delay' can be a basis for denial." *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19 (1st Cir.1979) (citations omitted); *see also, Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4–5 (1st Cir.1983) (quoting *Hayes*); *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 933 (1st Cir.1983) (amendment denied in part because case was on a trial list and new discovery would be needed).

In this instance, plaintiff seeks to amend the complaint to include a count for breach of fiduciary duty. Defendants assert untimeliness on the basis that plaintiff filed

---

**5.** NCUA was substituted as the real party in interest for Blue Hill. (Docket Entry # 22).

**6.** To the extent defendants' argument concerns futility under Rule 15(a), see the discussion supra, Roman numeral I. To the extent defendants' opposition can be contrued as a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., it is not properly before this court. 28 U.S.C. § 636(b)(1).

**7.** Count IV consisted of a breach of fiduciary duty claim against defendants White, Tocci, TMT, RFS and Blue Hill, now NCUA. In addition to reasserting previous allegations, Count IV included three additional paragraphs stating, in pertinent part: (1) defendant Tocci, acting individually and as Blue Hill's agent, had an intimate relationship with defendants TMT, RFS and Blue Hill and, as a transaction originator, owed a fiduciary duty to plaintiff; (2) as transaction originators, defendant Tocci had a duty to fully disclose information relevant to "connections with the enterprise"; and (3) defendant Tocci, acting individually and as Blue Hill's agent, breached this fiduciary duty.

suit over a year ago. Defendants also argue that the delay between the Court's Order of January 24, 1991, denying plaintiff's original count for breach of fiduciary duty, and plaintiff's filing of the motion to amend on May 28, 1991 was inordinate. A four month delay is not inordinate. It undoubtably took some amount of time to prepare Count XII, particularly in light of the court's denial of Count IV. Accordingly, although this is a 1990 case [8], the delay in filing Count XII is not untimely.

### IV. *Undue Prejudice*

 Under Rule 15(a), Fed.R.Civ.P., this court may deny an amendment on the grounds of undue prejudice to defendants. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d at 933 (1st Cir.1983); *see generally* 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1487 (1990).

At the July 23, 1991 hearing, defendants asserted that they will be unduly prejudiced by allowance of the amendment. This court disagrees. The new claims for breach of fiduciary duty closely relate to claims in the original complaint. *See Picker International, Inc. v. Leavitt*, 128 F.R.D. 3, 6 (D.Mass.1989) (no undue prejudice because claims closely relate). The parties have not been assigned a trial date. Defendants stated at the hearing that, if the amendment is allowed, they will need to resume plaintiff's deposition [9]. Although inconvenient, resumption of plaintiff's deposition will not result in undue prejudice. Therefore, denial of the amendment on the grounds of unfair prejudice is improper.

### *Bad Faith*

 Bad faith constitutes a valid reason to deny an amendment under Rule 15(a), Fed.R.Civ.P. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see generally*, Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 (1990) (discussion of bad faith).

 At the July 23, 1991 hearing, defendants argued that the filing of the motion to amend, shortly after defendant NCUA filed a motion for summary judgement, constituted bad faith. This court disagrees. Although, as the court noted in *Reisner v. General Motors*, filing a new complaint in an attempt to forestall ruling on a motion for summary judgment may evidence bad faith, there is little, if any, inference of plaintiff's bad faith in this instance. 511 F.Supp. 1167, 1172 (D.C.N.Y.1981), *aff'd*, 671 F.2d 91 (2nd Cir. 1982), *cert. denied*, 459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982). Plaintiff is merely attempting to cure the prior deficiency contained in the breach of fiduciary duty count, a count originally made before defendant NCUA's filed its motion for summary judgment.

Accordingly, under these circumstances, bad faith does not justify denial of the proposed amendment.

### *Conclusion*

Accordingly, for reasons stated above, Plaintiff's Motion to Amend complaint (Docket Entry # 44) is ALLOWED.

---

**8.** As noted earlier, this case was originally filed in state court on May 23, 1990 and removed to federal court on September 4, 1990.

**9.** The parties stated at the hearing that they had already deposed plaintiff for approximately three days.